UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE F. SWARTZ,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM ALSUP, et al.,<br><br>        Defendants. | Case No. 2:24-cv-02112-DC-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 8, 15, 16) |

Plaintiff Jesse F. Swartz is representing himself in this action against Defendants William Alsup, James Thomson, and Marissa Harris.[1] Plaintiff seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I. **SCREENING REQUIREMENT**

A determination that a plaintiff qualifies financially for IFP status does not complete the inquiry required by the statute. Pursuant to 28 U.S.C. § 1915(e), the court must screen every IFP proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id.* at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Iqbal*, 556 U.S. at 678-79. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Iqbal*, 556 U.S. at 678.

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.     THE COMPLAINT

Plaintiff initiated this action by filing a Complaint entitled "Petition for Declaratory Remedy." Compl. (ECF No. 1). Plaintiff's Complaint seeks declaratory relief to concur with his conclusion that "errors and omissions" that occurred when he was "arrested,

charged, indicted and found guilty of violating 18 U.S.C. § 111" constitute corruption. *Id.* at 2-3. Plaintiff states he filed his Complaint in the Eastern District of California because the Northern District of California found him to be a vexatious litigant. *Id.* at 2. Plaintiff lists some "high probability conclusions," including:  "via hi speech patterns and decisions, William Alsup and his sycophants are members of 'the mob' and/or are felons"; "William Alsup and other named parties are part of the catholic church and, pursuant to their errant actions and inactions, are part of 'the mob'"; "William Alsup and parties involved in the matter within are foreign agents (i.e., Russian FSB)"; and "William Alsup and parties named within are Democratic Party members and, via their errant acts, have effectuated an unlawful mob." *Id.* at 3. Plaintiff's Complaint is three pages long, but he includes over 60 pages of exhibits, which include documents he filed in other cases in the Northern District of California, the San Francisco County Superior Court, and the Ninth Circuit. Plaintiff seeks "a finding that the events partially outlined in [his Complaint], including exhibits, constitute corruption." *Id.*

These exhibits include:  charts Plaintiff created that include events supporting corruption (*id.* at 7-8); a document filed in the Northern District of California titled "Objections to Pre-Trial Services Report (Doc 13) & Defendant's Request To Strike Same" (*id.* at 10-13); a document filed in the Northern District titled in part "Notice of Motion & Defendant's 2nd Motion for Judicial Qualification" (*id.* at 15-21); a document filed in the San Francisco County Superior Court titled "Supplemental Brief in Support of Complaint: Evidence of Attorney Misconduct in Support of Bar Disciplinary Action & Injunctive Remedy Request" (*id.* at 23-37); a document filed in the Northern District titled "Notice of and Defendant's Brief on Proposed Sentencing" (*id.* at 39-46); and a document filed in the Ninth Circuit titled "Defendant's Assessment: Probation Department Sentencing Report Errors & Speculative Conclusions as to Reasons Therefore" (*id.* at 48-64).

### III.   DISCUSSION

Plaintiff's initial pleading is entitled "Petition for Declaratory Remedy." Compl.

Plaintiff's pleading makes clear that he is only seeking declaratory relief "concurring with the conclusion he has drawn." *Id.* at 2. He seeks "a finding that the events partially outlined in this filling, including exhibits, constitute corruption." *Id.* at 3. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*, "create[s] additional remedies in the form of declaratory judgment relief for federal litigants, but do[es] not in and of [itself] confer subject matter jurisdiction on the courts." *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir. 1980). "Therefore, a district court presented with a request for declaratory relief must 'inquire whether there is an actual case or controversy within its jurisdiction.'" *Lucas v. Director of Dept. of Corrections*, 2015 WL 1014037, at *1 (E.D. Cal. Mar. 6, 2015) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005)). For the reasons outlined below, Plaintiff's Complaint fails for lack of subject matter jurisdiction, failure to comply with Federal Rules of Civil Procedure 8, and because of various immunities.

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

4

Here, there is no cause of action alleged. Plaintiff states that the "subject matter [in his pleading] is federally pertinent" (Compl. at 2) and requests a finding that events outlined in the pleading constitute corruption. However, he does not state a claim under any particular federal law.[2] He lists multiple conclusory allegations about Defendants that are clearly fanciful, and does not support them with coherent facts. *Id.* at 3. Plaintiff also states that from February 2023 through July 2024, he was "arrested, charged, indicted and found guilty of violating 18 U.S.C. § 111," and during that time "an incredible number of errors and omissions occurred" and that those events were conducted by "approximately 25 government employees." *Id.* at 2. However, Plaintiff does not describe those errors and only lists three defendants in his pleading. While Plaintiff states that he seeks declaratory relief that Defendants' actions in a prior case allegedly amounted to corruption, Plaintiff does not describe those actions or explain how they amount to corruption. Plaintiff does include over 60 pages of exhibits attached to his Complaint which he states show that corruption occurred. However, these exhibits include two pages of documents that merely state Plaintiff's opinion about certain actions or statements made by various named and unnamed individuals. Compl. at 7-8. The additional exhibits are his own documents he filed in other cases in the Northern District of California, the San Francisco County Superior Court, and the Ninth Circuit. Additionally, Plaintiff alleges that all Defendants are from California and does not demand any amount of money. Based on the Complaint, it does not "appear[] affirmatively from the record" that the Court has subject matter jurisdiction stemming from a federal question or diversity. *See Casey*, 4 F.3d at 1519 (citation omitted).

Therefore, the Court does not have subject matter jurisdiction and the Complaint should be dismissed on that ground.

---

[2] In a "notice of correction" to Plaintiff's Complaint filed a few days after the Complaint, Plaintiff states that this is a "corruption case and the laws usually related to the same can be found at or about 18 U.S.C. Sec. 1957 *et seq.*" (ECF No. 4.) This is the only time Plaintiff states a federal law in connection with his case. However, Plaintiff does not explain or support how his claims relate to corruption under this statute.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

The Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). From the Complaint, Plaintiff requests a finding that certain events related to a prior conviction amount to corruption. However, Plaintiff does not describe in detail what actions Defendants took that would constitute corruption. Vague statements that "an incredible number or errors and omissions occurred" is not enough to put Defendants on notice of the claims against them. The Complaint also does not clearly state the elements of any claim. *See* Compl. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is therefore subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Judicial Immunity

One of the defendants in this case is District Judge William Alsup of the Northern District of California. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Moreover, judicial immunity exists for suits such as this one, seeking only declaratory relief. *See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Here, Plaintiff seeks "a finding that the events partially outlined in this filing, including exhibits, constitute corruption." Compl. at 3. In the exhibits Plaintiff attached to his Complaint, he includes court documents from the Northern District of California, the

San Francisco County Superior Court, and the Ninth Circuit. *See* Compl. at 15, 23, 48. One of these documents is a motion for recusal of Defendant Judge Alsup related to a case in the Northern District. Compl. at 23. The conduct Plaintiff challenges relates to Judge Alsup's acts related to his judicial duties, *see id*. at 16-21 and 23, and Judge Alsup has absolute immunity for these acts. Therefore, Plaintiff's claim against Defendant Judge Alsup should be dismissed. *See In re Castillo*, 297 F.3d at 947.

### D. Prosecutorial Immunity

One of the Defendants in this case is Marissa Harris, who Plaintiff identifies as a federal prosecutor. Compl. at 32 (Page 20, line 9). "Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process." *Joelson v. United States*, 2020 WL 6449196, at *3 (S.D. Cal. Nov. 3, 2020) (citations omitted); *see Imbler v. Pachtman*, 424 U.S. 409, 422-23, 429-30.

Plaintiff attaches to the Complaint a document he filed in San Francisco County Superior Court that is titled "Evidence of Attorney Misconduct." Compl. at 23. In this document, Plaintiff contests Defendant Harris's conduct and statements in two hearings and a motion she allegedly filed. Compl. at 32-33. The conduct Plaintiff challenges relates to Harris's acts related to her prosecutorial role in the judicial process, *see id*. at 23 and 32-33, and Harris has absolute immunity for these acts. Therefore, Defendant Harris is immune from this suit, and Plaintiff's claims against Defendant Harris should be dismissed. *See Joelson*, 2020 WL 6449196, at *3.

### E. Leave to Amend

Plaintiff's current Complaint does not present a cogent, non-frivolous claim. In light of the Court's lack of subject matter jurisdiction, the Complaint's deficiencies, and the absolute immunity of Defendants Judge Alsup and Harris, granting leave to amend would be futile. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The Complaint should therefore be dismissed without leave to amend.

///

### IV.  PLAINTIFF'S OTHER REQUESTS

On October 8, 2024, Plaintiff filed a request for information regarding alleged appellate counsel in a different case. (ECF No. 8.) On November 12, 2024, Plaintiff filed a request for written comments from a correctional facility. (ECF No. 16.) Plaintiff asks for the "clerks to obtain from the Taft Correctional Facility, [Plaintiff's] written comms. to their staff [and] docket those items." *Id.* These requests are not properly brought in this federal court and are denied. In addition, in light of the Court's recommendation to dismiss Plaintiff's Complaint without leave to amend, these requests are also moot.

On October 28, 2024, Plaintiff filed a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 15.) In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (discussing former § 1915(d)); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (same). In the present case, the Court does not find the required exceptional circumstances are present. Plaintiff's request for the appointment of counsel will therefore be denied.

### V.  CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff's request for information (ECF No. 8) is denied;
3. Plaintiff's request for comments (ECF No. 16) is denied; and
4. Plaintiff's request for appointment of counsel (ECF No. 15) is denied.

In addition, IT IS RECOMMENDED that the Complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 13, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, swar.2112.24